UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MULVEY AND CAROLYN MULVEY | § § § | |
| PLAINTIFFS | § | |
| V. | § § | CIVIL CASE NO.: |
| LIQUID PROPERTY GROUP, LLC, JOHN MICHAEL TIFFIN, AND TINA ANDERSON, | § § § § | 5:21-CV-01210-JKP (HJB) |
| DEFENDANTS | § § | |

---

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiffs, Aaron Mulvey and Carolyn Mulvey ("Plaintiffs"), file their *Motion for Partial Summary Judgment* ("Motion"), respectfully showing the Court as follows:

**I. SUMMARY**

1.     Plaintiffs seek partial summary judgment as to liability on Plaintiffs' claims for breach of contract and violation of the Texas Deceptive Trade Practices-Consumer Protection Act, section 17.41 *et seq.* of the Texas Business and Commerce Code (hereinafter, "DTPA").  By this Motion, Plaintiffs do not seek summary judgment on the issue of damages, as damages may include specific performance, monetary damages, treble damages, and statutory penalties, necessitating the presentation of testimony and evidence at trial.

2.     As set forth herein, the evidence conclusively establishes that Defendants breached the contract with Plaintiffs, as Plaintiffs contracted to acquire a property with water rights and Defendants could not convey water rights having never acquired them.  Further, the evidence conclusively establishes that Defendants violated section 5.086 of the Texas Property Code,

actionable under the DTPA, as well as committed statutorily-enumerated laundry list violations of the DTPA, by misrepresenting the Property and by failing to disclose that Defendants only had an equitable interest in the Property.

3.      In short, there is no dispute that there was a contract between the parties, that the contract obligated Defendants to convey water rights, that Defendants did not own water rights, and that, in fact, Defendants did not own the Property but instead only had an option to acquire the Property which was not disclosed to Plaintiffs in violation of the Texas Property Code and the DTPA.  As such, Plaintiffs are entitled to a partial summary judgment as to liability against Defendants.

## II.      SUMMARY JUDGMENT EVIDENCE

4.      Plaintiffs offer the following evidence in support of this Motion:

| | |
|---|---|
| Exhibit A | Unimproved Property Contract (Plaintiffs and Defendants) |
| Exhibit B | Purchase and Sale Agreement (Dr. Villafana and Defendants) |
| Exhibit C | Declaration of Aaron Mulvey |

## III.  FACTUAL AND PROCEDURAL BACKGROUND

5.      In September 2021, Plaintiffs viewed a Zillow listing for property in Comal County, being sold by LPG. Plaintiffs contacted LPG and were told by LPG's agent, Tina Anderson, that LPG owned all rights to the property, including water rights.  On or about September 20, 2021, Plaintiffs Aaron and Carolyn Mulvey entered into an Unimproved Property Contract ("Contract") with Defendant LPG and John Michael Tiffin (LPG's owner, sole member, and signatory to the Contract) to purchase said unimproved land (the "Property") for the sales price of $180,000.00. A true and correct copy of the Unimproved Property Contract is attached hereto as Exhibit A. In the Contract, LPG and Tiffin agreed to convey to Plaintiffs fee simple title (inclusive of water rights) to the Property by November 1, 2021. Exhibit A.

6.     Prior to Closing on the Contract, Plaintiffs discovered a reservation of groundwater rights filed of record, causing Plaintiffs to question Defendants about the water rights. Exhibit C. Defendant Tina Anderson assured Plaintiffs that the Property had water rights and Plaintiffs could dig a well, which was consistent with the Contract. Exhibit C. Nevertheless, Defendants attempted to force Plaintiffs to close on the Contract with a deed that specifically excepted water rights. Exhibit C.  This led to litigation.

7.     After much litigation, Plaintiffs discovered that Defendants did not own the Property when they contracted with Plaintiffs and were under no obligation to buy the Property. This is because on September 7, 2021, Defendants entered into a Purchase and Sale Agreement ("PSA") with Dr. Richard Villafana, pursuant to which Defendants, by depositing the sum of $500.00, had the right to acquire the Property for the price of $130,000.00 for a period of 90 days. Exhibit B.  The PSA includes an unrestricted unilateral right of termination.[1]

**6.     CLOSING DATE:** Closing to take place on or before 90 days from this executed contract date.
**7.     CANCELLATION:**   Buyer may cancel transaction for any reason.

Exhibit B.

8.     Immediately after entering into the PSA and before Closing the transaction under the PSA, Defendants began marketing the Property for Sale.  A true and correct depiction of Defendants' listing is reflected below:

---

[1] The PSA creates an option, and likely an illusory one, given the unilateral cancellation right.  Defendants very form agreement has been thoroughly analyzed by California's court system and a multitude of law reviews. *Steiner v. Thexton*, 226 P.3d 359 (Cal. 2010).



Exhibit C.

9.      Thirteen days after entering into the PSA with Dr. Villafana, Defendants entered into the Contract with Plaintiffs to sell the Property for $180,000.00, never once disclosing that Defendants did not own the Property, nor disclosing the existence of their option to purchase the Property, nor providing a statutorily mandated "equitable interest disclosure". [2] Exhibits A and C.

---

[2] Texas Property Code 5.085(a) provides that "[a] potential seller may not execute an executory contract with a potential purchaser if the seller does not own the property in fee simple…".  Texas Property Code 5.086 provides that

10.     With respect to the Contract, it reflected the parties' negotiations concerning water rights and states that the Property includes "all rights, privileges and appurtenances pertaining thereto, including but not limited to: water rights…".  Exhibit A at ¶2:

**2. PROPERTY:** Lot <u>619</u>_____, Block _____
<u>River Crossing 3</u>_____Addition,
City of <u>Spring Branch</u>_____, County of <u>Comal</u>_____,
Texas, known as<u>298 Champions Ridge</u>_____<u>78070</u>,
(address/zip code), or as described on attached exhibit together with all rights, privileges and appurtenances pertaining thereto, including but not limited to: water rights, claims, permits, strips and gores, easements, and cooperative or association memberships (Property). RESERVATIONS: Any reservation for oil, gas, or other minerals, water, timber, or other interests is made in accordance with an attached addendum.

11.     Yet, as Plaintiffs would later discover, the water rights had been reserved by a predecessor in title at Instrument Number 200206021873 of the Official Public Records of Comal County, Texas.  The reservation reads:

Lot 619, RIVER CROSSING, UNIT THREE, Comal County, Texas, according to plat recorded in Volume 14, Pages 22-26, Map and Plat Records, Comal County, Texas.

Grantor reserves unto itself, its successors and assigns, in perpetuity, all groundwater, being all underground water, percolating water, artesian water and other waters from any and all reservoirs, formations, depths and horizons beneath the surface of the earth, and any and all rights related thereto, in, on, under and that may be produced from the Property. This reservation includes, but is not limited to, existing production or existing leases and includes the production, the lease and all benefits therefrom. Grantor waives and expressly conveys to Grantee all rights of ingress, egress and regress in and to the surface of the Property relating to the reserved water rights.

12.     Adding insult to injury, though a realtor is identified in the listing and in the Contract as representing the Seller, the realtor, Carl Greiner, admits under oath that he was not involved with the Property or the Contract despite it bearing his name and license, and that he is merely being paid $2000/month by Defendants to use his identity on contracts and to login as him

---

"[b]efore entering into a contract, a person selling an option or assigning an interest in a contract to purchase real property must disclose to any potential buyer that the person is selling only an option or assigning an interest in a contract and that the person does not have legal title to the real property."  In fact, the Texas Occupations Code, section 1101.0045, provides that unless a person selling an option discloses it, the person is engaging in real estate brokerage, and doing so without a license subjects the person to statutory remedies.

to the Multiple Listing Service.     Excerpt of Deposition of Carl Greiner https://youtu.be/NBW6XJKxJ1w.

13.     Only after moving to the area, renting a home, enrolling their children in school, storing their belongings, making plans to build a home, attempting to pay Defendants a fair market value for the Property without water rights, incurring costs, and after many months of litigation, did Plaintiffs learn the true nature of the transaction Defendants baited them into. Exhibit C.

## IV.    ARGUMENT AND AUTHORITIES

### A.    Summary Judgment Standard.

14.     Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" only if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" only if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id.* Even though the Court is to construe "'all facts and inferences in the light most favorable to the nonmoving party,' . . . [s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

### B.    Plaintiffs are Entitled to Partial Summary Judgment on the Liability Elements of their Contract Claim

15.     Contracts concerning Texas land are governed by the laws of Texas. *Hamilton v. Glassell*, 57 F.2d 1032, 1033 (5th Cir. 1932).  Texas law requires proof of the following elements for a breach of contract claim: (1) existence of a valid contract between the parties; (2) performance by the plaintiff as required by the contract; (3) defendant's breach of the contract; and (4) damages suffered by the plaintiff as a result of defendant's breach. *Pathfinder Oil & Gas, Inc. v. Great*

*Western Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).  Plaintiffs are entitled to partial summary judgment as to elements 1-3 of their cause of action for breach of contract in a real estate transaction.

### i. The Contract was a valid contract between the Parties.

16.     The Unimproved Property Contract was a valid contract between the parties, which Plaintiffs entered into after Tina Anderson of LPG represented to the Plaintiffs that the Property had water rights. The parties to the Contract are Plaintiffs and Defendants LPG and Tiffin. Exhibit A. Both Plaintiffs executed the Unimproved Property Contract and Defendant Tiffin (the sole member of LPG) executed the Contract on behalf of the sellers, without disclosing any capacity in which he was signing. Exhibit A at ¶8. The Contract identified the Property located in Comal County and provided that it included "***water rights***, claims, permits, strips and gores, easements, and cooperative or association memberships." *Id.* at ¶1 (emphasis added).

### ii. Plaintiffs performed their obligations under the Contract.

17.     Plaintiffs performed their obligations under the Unimproved Property Contract. Plaintiffs signed the Contract, delivered the earnest money and option fee in the amount of $5,100.00 in escrow, and they were ready, willing, and able to close on the Contract on the date of closing set forth therein.  Exhibit C.

### iii. Defendants breached the Contract.

18.     Defendants breached their obligations by refusing to deliver full fee simple title to the land, including water rights, as provided for in the Contract. Exhibit C. Prior to the closing date of November 1, 2021, Defendants presented Plaintiffs with a deed excepting water rights from the conveyance, in breach of the Contract. Exhibit C.

19.     Accordingly, the summary judgment evidence conclusively establishes that the parties had a valid contract, Plaintiffs performed their obligations, and Defendants breached the

Contract by refusing to convey the Property with water rights.  Accordingly, Plaintiffs are entitled to partial summary judgment on their breach of contract cause of action, leaving only the issue of damages for trial.

**E. Plaintiffs are Entitled to Partial Summary Judgment on the Liability Elements of their DTPA Claim**

20.     Section 17.50 of the DTPA provides that a consumer may maintain an action where any of the following constitute a producing cause of economic damages: (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is (A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and (B) relied on by a consumer to the consumer's detriment.

21.     Section 5.086 of the Texas Property Code states:

> "Before entering into a contract, a person selling an option or assigning an interest in a contract to purchase real property <u>must disclose to any potential buyer</u> that the person is selling only an option or assigning an interest in a contract and that the person does not have legal title to the real property."

22.     Section 5.085(c) of the Texas Property Code provides:

> "A violation of this section <u>is a false, misleading, or deceptive act</u> or practice within the meaning of the Business and Commerce Code, and is actionable under public or private suit."

*i. The PSA Gives Defendants an Option*

23.     It is well-settled that a purchaser under a contract of sale for real property acquires an equitable interest in the property.  *Cadle Co. v. Harvey*, 46 S.W.3d 282, 287 (Tex. App. 2001). One aspect of that "equitable interest" is the right to performance. *In re Onley*, 48 B.R. 891, 894 (Bankr. N.D. Tex. 1985).  Until a purchaser performs, the only interest he or she possesses is the right to perform under the contract. *Graves v. Diehl*, 958 S.W.2d 468, 471 (Tex. App. 1997). An option contract for the sale of land gives the optionee the right to elect to purchase the property at

stated terms and within a specified period, but with no obligation to do so. *Chambers Cty. v. TSP Dev.*, Ltd., 63 S.W.3d 835 (Tex. App. 2001). When the seller's only contractual remedy is retention of the earnest money (as liquidated damages), the agreement is an option. *Id.*

24.     Thus, under Texas law, the PSA gave Defendants an equitable interest in the Property that constituted an option.

## ii. Consequences for Failure to Disclose

25.     Section 5.086 of the Texas Property Code required Defendants to disclose the existence of the option and the fact that Defendants did not own fee simple title to the Property. Section 5.085(c) of the Texas Property Code establishes that a failure to disclose an option is a false, misleading, or deceptive act under the DTPA.

26.     Defendants did not disclose the existence of the option to Plaintiffs.  Exhibit A and C.  Therefore, as a matter of law, Defendants' conduct constitutes false, misleading, or deceptive acts.

## iii.  Violations of the DTPA

27.      Defendants violated the DTPA in multiple respects through the use or employment by any person of a false, misleading, or deceptive act or practice.

28.     As set forth in the preceding subsection, Defendants' failure to disclose the option and the fact that Defendants did not own the Property constitutes a false misleading, or depictive act or practice as a matter of law.

29.     In addition, by failing to disclose that Defendants did not own fee title to the land and that they only had an option to acquire the land, Defendants caused confusion and misunderstanding as to the source and sponsorship of goods [DTPA §17.46(b)(2)] and caused confusion and misunderstanding as to affiliation, connection, and association with another [DTPA

§17.46(b)(3)].   The failure to disclose prevented the Plaintiffs from knowing that they were contracting with a party that did not own the Property.  See Exhibit C.

30.     By failing to disclose their lack of ownership, the option, and the fact that the seller did not own water rights, Defendants represented that the Property had characteristic, uses, and benefits that it did not and further represented that they were affiliated or connected with the real estate agent and the owner when they were not [DTPA §17.46(b)(5) and (12)].  Further, Defendants failed to disclose known information, which was intended to induce the consumer into a transaction which would not have been done but for the disclosure of the information [DTPA §17.46(b)(24)]. See Exhibit C.

       *iv.  Other DTPA Elements*

31.     Real estate is a good under the DTPA.  DTPA §17.45(1).

32.     Plaintiffs are consumers under the DTPA as they sought to purchase goods – namely, real estate – for their own use.  DTPA §17.45(4) and Exhibit C.

33.     Plaintiffs relied on Defendants' conduct set forth herein, including relying on Plaintiffs to make the requisite disclosures under Texas law, the knowledge of which would have informed Plaintiffs in connection with their transaction. See Exhibit C.  As a result of Plaintiffs' reliance on Defendants' conduct and Plaintiffs' reliance on Defendants complying with Texas law, Plaintiffs incurred damages. See Exhibit C.

       *v.  DTPA Summary*

34.     In sum, Plaintiffs are consumers under the DTPA who sought to purchase goods – the Property – from Defendants.  Defendants breached section 17.46 of the DTPA by engaging false, misleading, and deceptive act or practices – namely the failure to disclose their lack of fee title ownership of the Property and failure to disclose that they had an option to acquire the Property.  These failures are, as a matter of law, violations of the DTPA.  Plaintiffs relied on

Defendants to comply with the law and make the requisite disclosures, which they did not.  Had Defendants made the requisite disclosures, Plaintiffs would not have entered into a transaction to buy property from a person who did not own it and would not have incurred damages.

## V.   CONCLUSION AND PRAYER

35.     For the foregoing reasons, the Court should grant Plaintiffs' Motion for Partial Summary Judgment on the liability elements of their cause of action for breach of contract in a real estate transaction, as well as on the liability elements of their cause of action under the DTPA.

36.     WHEREFORE, the Plaintiffs respectfully request that the Court grant this Motion, enter an order finding Defendants liable as set forth herein, set this matter for a trial on the issue of damages, and grant such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Dated: May 2, 2022                              Respectfully submitted,

PULMAN, CAPPUCCIO & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: /s/ Ryan C. Reed
Ryan C. Reed
Texas State Bar No. 24065957
reed@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on May 2, 2022, I filed the foregoing with the Court's CM/ECF system, which

will serve the following parties in accordance with the Federal Rules of Civil Procedure:

> ***Via CM/ECF***
> Dakota J. Wrinkle
> JONES PROPERTY LAW, PLLC
> 1910 Pacific Avenue, Ste. 6030
> Dallas, Texas 75201
> **ATTORNEY FOR DEFENDANTS**

                                        */s/ Ryan C. Reed*
                                        Ryan C. Reed