UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MULVEY AND<br>CAROLYN MULVEY<br><br>    PLAINTIFFS<br>V.<br><br>LIQUID PROPERTY GROUP, LLC,<br>JOHN MICHAEL TIFFIN, AND<br>TINA ANDERSON,<br><br>    DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO.:<br>5:21-CV-01210-JKP (HJB) |

## DECLARATION OF AARON MULVEY

On this date Aaron Mulvey personally appeared before me, the undersigned and after being duly sworn stated the following under oath:

My wife and I are plaintiffs in this case.

Included in the Motion for Summary Judgment in Paragraph 8 is a true and correct copy of the Zillow listing for the Property.

On or about September 15, 2022, I spoke with my realtor with respect to a property commonly referred to as 298 Champions Ridge, Spring Branch, TX 78070 ("Property").

My realtor informed me that he had spoken with Tina Anderson, a representative of Liquid Property Group, LLC ("LPG") and that Tina Anderson represented that LPG owned all rights to the Property, including water rights.

Thereafter my wife and I executed an Unimproved Property Contract, pursuant to which we contracted to buy the Property from LPG for the sum of $180,000.00. A true and correct copy of the Contract is attached hereto as Exhibit A. The Contract contains a reference to the conveyance of water rights, which was consistent with what we were told would be conveyed to us. Ms. Anderson later told me that we could dig a well on the property to use the water rights. We sought to acquire the Property for our use as a home.

We deposited $5,100.00 in escrow and option money as required by the Contract.

At no time prior to or after we entered into the Contract did LPG or any of its representatives advise us that it did not own the Property, or that it has an option to purchase the Property.

In October 2021, I discovered a prior reservation of groundwater rights in the deed records. On October 21, 2021, I learned from the title company that no other documents existed pursuant to which Defendants acquired title to the water rights for the Property.

In November 2021, LPG presented us with a deed, excepting water rights from the conveyance. We objected to the deed, as it was represented to us and we contracted to buy a property with water rights. At the time of the Closing Date in November 2021, we were ready, willing, and able to pay the sum of $180,000.00 for the Property with water rights, and we would have tendered the money and accepted the deed if the deed did not except water rights.

After months of litigation, I received a copy of the Purchase and Sale Agreement ("PSA") which gave LPG the right to purchase the Property for $130,000.00. A true and correct copy of the PSA is attached hereto as Exhibit B. The PSA was never disclosed to me at the time we entered into the Contract.

Also during the litigation process I discovered that Carl Greiner, the realtor listed on the Contract, knows nothing about the Property or the Contract and that he is being paid $2,000.00 per month by LPG to use his login for the Multiple Listing Service.

We relied on Defendants to comply with Texas law. Specifically, we relied on the fact that Defendants represented themselves as having a licensed Texas real estate agent as noted in the Contract. We relied on Defendants to comply with Texas law, and to advise us that they did not own the Property they were marketing and selling, and that they only had an option to purchase it. Had we known this information, we may not have offered to buy the Property and we would have done more investigations before making an offer. In reliance on the Contract and on the Defendants' compliance with Texas law, we moved from Dallas to the San Antonio area, rented a house, enrolled our children in school, stored our belongings, made plans to build a house on the Property, and otherwise incurred damages.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

Aaron Mulvey