UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MULVEY AND CAROLYN MULVEY | § § § § | |
| PLAINTIFFS | § | |
| v. | § § | CIVIL CASE NO.: 5:21-CV-01210-JKP (HJB) |
| LIQUID PROPERTY GROUP, LLC, JOHN MICHAEL TIFFIN, AND TINA ANDERSON, | § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE AND REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Aaron Mulvey and Carolyn Mulvey ("Plaintiffs"), file their Objections to Defendants' Summary Judgment Evidence and Reply to Defendants' Response to Plaintiffs' Motion For Partial Summary Judgment ("Reply"), respectfully showing the Court as follows:

**I. SUMMARY**

1.   Plaintiffs Motion for Partial Summary Judgment conclusively establishes that (1) Plaintiffs and Defendants entered into a Contract for the sale of the Property, which Defendants breached when they were unable to convey water rights under the Contract, and (2) Defendants violated the DTPA by, at a minimum, failing to disclose that Defendants only had an equitable interest (an option) in the Property.  Defendants attempt to raise fact issues through conclusory, bare-bones affidavits and by offering partial communications.  Their efforts fail.

2.   Setting aside the purported fact issues momentarily, both parties agree, and the summary judgment record reflects, that none of the Defendants owned the Property at the time the Contract was executed on September 20, 2021. Response at 10, 15, and 22. The parties agree that

Defendants only had an option to buy the Property. Response at 47, 51. The parties agree that Tex. Prop. Code § 5.086 applies. Response at 51. The parties also agree that the Contract expressly references water rights. Response at 35-37. At bottom, this case demonstrates the dangers of an out-of-state investor buying and selling options on land in Texas without complying with Texas law.

    3.      As set forth in more detail herein, Defendants' summary judgment evidence should be stricken on the basis of Plaintiffs' objections, and the Court should grant Plaintiffs' Motion.

## II. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

    4.      Plaintiffs object to Exhibits I and J, as they are partial, redacted portions of written communications. As such, they are not true and correct copies of the documents they purport to be. Plaintiffs request that Exhibits I and J be stricken from the summary judgment record.

    5.      Plaintiffs object to Exhibits L, O, and P, the Affidavits of Tina Anderson, John Tiffin, and Liquid Property Group, LLC, because they are conclusory, devoid of meaningful detail, and the personal knowledge of the affiant is undercut by the qualification in the final paragraph of each affidavit that it is "true and correct to the best of my knowledge, *information and belief*." Exhibits L, O, and P (emphasis added).

## III. CONTRACT – WATER RIGHTS AND PERTAINING TO

    6.      On the contract claim, Defendants attempt to avoid summary judgment by arguing that the words "pertaining to" have a definition that somehow changes the meaning of the plain language of the Contract. In fact, Defendants confess that the meaning of "pertain" is "to belong as an attribute, feature, or function." Response at 36. Defendants then attempt to argue that this word transforms the contractual clause from conveying attributes, features, and functions, to conveying only those attributes, features, or functions which may actually belong to the property.

Defendants then make the conclusory allegation that the TREC Unimproved Property Contract would put every seller in default if the property was not actually in a homeowners' association.

7.      There are two flaws with Defendants' argument.  First, the definition of "pertain" further reinforces Plaintiffs' interpretation of the contract – with the contract, the buyer is contracting to purchase the property and all attributes of the property.  The contractual language could be limited with an appropriately placed "if any," were it the seller's intention to limit the rights being conveyed.  But that language is absent in the contract and, instead, the contractual language goes on to list the rights to be conveyed with the phrase "<u>including</u> but not limited to: water rights…".  Again demonstrating the dangers of an out-of-state investor flipping options, Defendants – unfamiliar with Texas real estate and non-owners of the Property – are attempting to use forms without understanding their obligations.

8.      Second, there is a difference between property rights, being the bundle of sticks that comprise a property interest, and privileges that come along with covenants and restrictions on property interests.  The surface estate, the mineral estate, and the water estate are all property rights. In the definition of Property, the Contract expressly includes water rights, but does not expressly address mineral rights (unless there is an addendum for a reservation).  Thus, the Contract makes a clear distinction between property rights to be conveyed, and property rights that are not a part of the Property, demonstrating the ease with which the contract can and should be modified to fit the nature of the transaction.  With respect to the conclusory allegation that a seller would be in breach if there were no association memberships, it would not be a default if there were not association membership because there would be no privileges to convey; whereas, in the context of water rights, the loss of such right is material if not conveyed.

9.      In the present case, it is undisputed that the Contract expressly references water rights as part of the Property, and the definition of "pertain" does not change the interpretation of

the contract in Defendants' favor.  Because the summary judgment evidence conclusively establishes the language of the Contract and the fact that Defendants did not own water rights and could not convey them (Response at 12), the summary judgment evidence conclusively establishes that Defendants breached the Contract.  Summary judgment for Plaintiffs is appropriate.

10. Defendants then go on to explain that Plaintiffs purportedly waived objections to defects by failing to timely object.  However, according to the Contract, Plaintiffs were precluded from objecting as "water rights" is included under standard exceptions to the title policy under Par 6(A)(1) through (9).  The relevant part of Exhibit B reads:

> D. OBJECTIONS: Buyer may object in writing to (i) defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; or disclosed in the Commitment other than items 6A(1) through (9) above; (ii) any portion of the Property lying in

11. Specifically, objections to water rights are precluded under Paragraph 6(A)(7). Paragraph 6(A)(7) reads:

> (6) The standard printed exception as to marital rights.
> (7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
> (8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements:

12. What is insured under a title commitment and what is conveyed under a contract are two entirely separate issues.  Under Defendants argument, the only way to "cure" defects pursuant to the title company change underwriters, which is also what Plaintiffs attempted to do.

13. Thus, the purported waiver argument is a red herring.

## IV. D<small>ISCLOSURE</small> – N<small>O</small> D<small>ISCLOSURE</small>; N<small>O</small> F<small>ACT</small> I<small>SSUE</small>

14. Defendants next attempt to create a fact issue with respect to the issue of whether they disclosed the option in accordance with Section 5.086 of the Texas Property Code.

15. Section 5.069 provides a form for a seller's disclosure notice of facts, one of which is that "No individual or entity other than the seller: (1) owns the property; (2) has a claim of ownership to the property; or (3) has an interest in the property."  Despite statutory language, as

well as listing which attempts to include indemnification, Defendants' only evidence on something so important as the disclosure of their option is an affidavit from Ms. Anderson, wherein she advises that she disclosed the option to Plaintiffs' realtor.  There is no written statement – nothing in the listing, nothing in the contract, and nothing in the text messages or emails.

16.     Critically important to all persons buying anything is that they know who they are dealing with. Using the term seller implies that Defendants owned the property and have the right to sell it.  That is consistent with Section 5.085 of the Texas Property Code, which provides that "a potential seller may not execute an executory contract with a potential purchaser if the seller does not own the property in fee simple."

17.     As stated in the Motion, Defendants are engaged in real estate brokerage by the nature of their transactions – trading on options.  Yet, despite being involved in such a complex business, tn the affidavit provided to this court, Defendant Tina Anderson states:

> *8.  I did speak to Ric Shanahan over the phone on September 15, 2021, and informed him that Liquid Property Group, LLC was not currently the owner of record, and that Liquid Property Group, LLC was in the process of completing the purchase from the owner.* ***I also informed him this was not an assignment,*** *<u>**but an option to purchase**</u>****, and that Liquid Property Group, LLC buys and sells the properties and pays closing costs twice.*** *Because of this conversation, Ric Shanahan prepared the contract to state 'Liquid Property Group' as the 'Seller' on the contract.  He sent the contract to me on September 20, 2021.*

18.     This paragraph, if admitted into the summary judgment record, is internally inconsistent.  If Ms. Anderson had, in fact, advised a Texas realtor that her company did not own the Property, no realtor would have identified a non-owner as the Seller.  It just does not stand to reason or common sense. Moreover, it stands to reason that Plaintiffs would have learned of this fact much before they did, unless the purported disclosure was so confusing as to be unintelligible.

19. The bottom line is that Defendants are sophisticated parties investing in real estate, and closing multiple transactions in the State of Texas. Defendants acknowledge they had an option and claim they disclosed it, but to disclose a statutorily mandated fact through an oral, telephonic communications when engaged in such a large operation leaves room for a failure to comply with Texas, which the record otherwise establishes. That, or allegation in the affidavit is simply false. Regardless, it is not competent summary judgment evidence that merits a reasonable belief.

### V. PLAINTIFFS LACK OF RELIANCE

20. In Defendants Response, Defendants attempt to make much of the fact that Plaintiffs asked what phase of the development the lands were in prior to entering the contract on September 20, 2021. Simply put, Plaintiffs were doing their diligence. Defendants fail to acknowledge that the State of Texas Water Development Board provides water well maps which contradict Property Owner POA Deed restrictions. Below are two side by side maps depicting the subdivision:



21. The map on the left is a map provided by the River Crossing Subdivision. The map on the right is a map of from the State of Texas identifying water wells within the subdivision. The orange dots on the map represent active water wells in both Phases 2 and 3 of the River Crossing Subdivision. Both Phase 2 and Phase 3 of the subdivision allow for the variance of deed restrictions (which are routinely granted) through the POA's Architectural Control Committee. The difference between Phase 2 and Phase 3 of the development is that Phase 2's restrictions read:

> 3.17 **Mining and Drilling.** No portion of the Property shall be used for the purpose of mining, quarrying, drilling, boring, or exploring for or removing oil, gas, or other hydrocarbons, minerals of any kind, rocks, stones, sand, gravel, aggregate or earth.

While, Phase 3's restrictions read:

> 3.17 **Mining and Drilling.** No portion of the Property shall be used for the purpose of mining, quarrying, drilling, boring, or exploring for or removing water, oil, gas, or other hydrocarbons, minerals of any kind, rocks, stones, sand, gravel, aggregate or earth.

22. Due to contradicting maps and POA deed restrictions, POAs routinely grant variances from those deed restrictions, and the fact that Defendants had until November 1, 2021, to cure any deficiencies, Plaintiffs simply asked if the Defendants had water rights. Even if water rights were subject to a reservation, Defendants could have regained them just as others did within Section 3.

23. In doing diligence, on September 22, 2021, Plaintiff Aaron Mulvey contacted the River Crossing ACC, at the direction of the POA's management company, who voiced concerns that there were multiple reservations in Phase 3 of the Development. Specifically, Aaron Mulvey was responding to a question posited by the POA's management company in stating that water rights were not subject to an addendum, as they were not being reserved.

24. Defendants also appear to want to make much out of the fact that Plaintiffs were still in their option period, but do not tell the court that by October, Plaintiffs had already moved

from Dallas to the area. At bottom, Defendants' arguments fail to create a fact issue on the issue of reliance.

### VI. Liable Defendant

25.     Finally, Defendants claim in the affidavits that Anderson and Tiffin were acting in representative capacities. However, no explanation is given for why Tiffin signed the Contract without disclosing his representative capacity. If the affidavits are not stricken, there may be a fact issue as to capacity, however, the bottom line is that Defendant LPG is undoubtedly a party to the Contract and in breach of the Contract.

Wherefore, Plaintiffs respectfully request that the Court grant their objections, grant Plaintiffs' Motion for Partial Summary Judgment, and grant Plaintiffs such other and further relief to which they are justly entitled.

        Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Ryan C. Reed*
Ryan C. Reed
Texas State Bar No. 24065957
rreed@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**ATTORNEYS FOR PLAINTIFFS**

– 9 –

## CERTIFICATE OF SERVICE

I certify that on May 23, 2022, I filed the foregoing with the Court's CM/ECF system, which will serve the following parties in accordance with the Federal Rules of Civil Procedure:

*<u>Via CM/ECF</u>*
Dakota J. Wrinkle
JONES PROPERTY LAW, PLLC
1910 Pacific Avenue, Ste. 6030
Dallas, Texas 75201
**ATTORNEY FOR DEFENDANTS**

*/s/ Ryan C. Reed*
Ryan C. Reed