IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MULVEY AND | § | |
| CAROLYN MULVEY | § | |
| | § | |
| VS. | § | C.A. NO. 5:21-CV-01210-JKP-HJB |
| | § | |
| LIQUID PROPERTY GROUP, LLC, | § | |
| JOHN MICHAL TIFFIN AND | § | |
| TINA ANDERSON | § | |

## DEFENDANTS' SUR-REPLY TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT EVIDENCE AND REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Liquid Property Group, LLC, John Michael Tiffin and Tina Anderson, reply to Plaintiffs' Objections to Defendants' Summary Judgment Evidence and Reply to Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment as follows:

### Chapter D (Executory Contracts for Conveyance) of Chapter 5 of the Texas Property Code Does Not Apply to This Transaction

Plaintiffs' Motion for Summary Judgment relies heavily on an alleged breach by Defendants of Section 5.085 and Section 5.086 of the Texas Property Code, both of which Plaintiffs claim also constitute violations of the Texas Deceptive Trade Practices – Consumer Protection Act. Both Section 5.085 and Section 5.086 are part of Subchapter D of Chapter 5 of the Texas Property Code. Subchapter D deals only with "executory contracts for conveyance",

also known as "contracts for deed."[1]  The Chapter governs transactions in which a seller sells property under an executory contract to a buyer, whereby the buyer makes periodic payments and receives a deed only after all payments have been made.  The Chapter expressly excludes traditional land sale transactions such as this one.  Section 5.062(c) says:

> "This subchapter does not apply to an executory contract that provides for the delivery of a deed from the seller to the purchaser within 180 days of the date of the final execution of the executory contract."

Here, the Contract was effective September 20, 2021, the "Effective Date", being the date of final acceptance by both parties.  (Contract, Page 9).  The Contract required a closing just 42 days later, on or before November 1, 2021.  It also required the seller to execute and deliver a general warranty deed conveying title to the property to buyer.  (Contract, Paragraph 9).  This transaction does not contemplate an executory contract of conveyance, and neither Section 5.085 or Section 5.086 have any applicability to this transaction.  Plaintiffs' claims of statutory or DTPA violations based on those Sections are wholly without merit and should be denied.

---

[1] An executory contract, or a "contract for deed," is a real-estate transaction that allows the seller of the property to retain title until the purchaser has paid for the property in full. *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005); *Bryant v. Cady*, 445 S.W.3d 815, 819 (Tex. App.—Texarkana 2014, no pet.) (**"An executory contract for real property typically results in the buyer being entitled to immediate possession of the property on the making of a down payment."**). **"A contract for deed differs from a conventional contract for the sale of realty, in which the seller and purchaser mutually agree to complete payment and title transfer on a date certain at which time the purchaser generally obtains both title and possession."** *Bryant*, 445 S.W.3d at 819; *Graves v. Diehl*, 958 S.W.2d 468, 471 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (noting that under contract for deed, title remains with seller until purchase price is paid in full, which typically occurs in installments over course of years). A contract for deed "serves to provide persons unable to obtain conventional mortgage financing an alternative means of purchasing real property." *Shook v. Walden*, 368 S.W.3d 604, 625 (Tex. App.—Austin 2012, pet. denied).Ferrara v. Nutt, 555 S.W.3d 227, 236 (Tex. App.--Hous. [1st Dist.] 2018 no pet.).  See also Clemmer, Texas' Attempt to Mitigate the Risks of Contracts for Deed – Too Much for Sellers, Too Little for Buyers, 38 St. Mary's L.J. 755, 758 (2007).

## Response to Objections to Summary Judgment Evidence

Plaintiffs object to Exhibits I and J on the grounds that they are partially redacted portions of written communications.  Attached hereto are unredacted copies of the same emails, which Defendant requests leave of court to file.  Fed. R. Civ. P. 56(e)(1) permits the court to give a party an opportunity to properly support or address a fact if it is not properly supported.  Hopefully, the court will agree that this case should be decided on the merits, rather than on a technical objection to summary judgment evidence.

Similarly, Plaintiff objects to Affidavits L, O and P, being the Affidavits of Tina Anderson, John Tiffin and Liquid Property Group on the grounds of lack of personal knowledge because of a phrase in the final paragraph of the Affidavit saying that the information here is "true and correct to the best of my knowledge, information and belief."  While statements made only on "information and belief" may not be sufficient for an Affidavit, paragraph 1 of each of the Affidavits states "The facts stated in this Affidavit are within my personal knowledge and are true and correct."  This unequivocal averment should overcome any issue created by the fact that in the final paragraph, the phrase "correct to the best of my knowledge, information and belief" was used.  In any event, attached are Affidavits from Tina Anderson, John  Tiffin and Liquid Property Group, LLC which omit the qualifying phrase of "to the best of my knowledge, information and belief" which Defendants ask of leave of court to substitute for the original Affidavits.  Again, this case should not be decided based on Plaintiffs' hypertechnical objection to the form of the Affidavits.

## Plaintiffs Waived Their Title Objections

Section 6(D) of the Contract gives the buyer the right to object to defects, exceptions or encumbrances to title.  The seller is provided a cure period, but if the objections are not cured, the contract provides that:  "Buyer may, by delivering notice to Seller within five days after the end of the Cure Period: (1) terminate the Contract and the earnest money will be refunded to Buyer, or (2) waive the objections."  (Contract, Paragraph 6(D)).  That provision goes on to say that:  "If Buyer does not terminate within the time required, Buyer shall be deemed to have waived the objections."  Here, Buyers did not terminate. The effect of its failure to terminate the Contract is clear:  "If Buyer does not terminate within the time required, Buyer shall be deemed to have waived the objections."  (Contract, Paragraph 6(D)).  Since the Buyers waived their objection to the exclusion of water rights from the title, it is Buyers, not Seller who breached the Contract by failing to close.  Plaintiffs' Motion for Summary Judgment for breach of contract should be denied.

Plaintiffs argue that Paragraph 6(A)(7) precluded them from objecting to the lack of water rights.  That provision does not prevent the Buyer from objecting to exceptions in the deed tendered by the Seller.  It deals only with the title policy provisions.  Furthermore, the prohibition against objecting to the title policy refers only to "the standard printed exception as to waters, tidelands, beaches, streams, and related matters."  The standard exceptions to title policies are those promulgated by the State Board of Insurance.  They can be found at Form T-1, Owner's Policy of Title Insurance (texas.gov).   The standard exception concerning water provides as follows:

"4. Any titles or rights asserted by anyone, including but not limited to, persons, the public, corporations, governments or other entities, (a) to tidelands, or lands comprising the

shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or (b) to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or (c) to filled-in lands, or artificial islands, or (d) to statutory water rights, including riparian rights, or (e) to the area extending from the line of mean low tide to the line of vegetation, or the right of access to that area or easement along and across that area." Form T-1, Owner's Policy of Title Insurance (texas.gov)

It has no application to a provision in a deed excluding common law water rights.

## **Plaintiffs' Lack of Reliance**

In Plaintiffs' Reply, Section 5 "Plaintiffs' Lack of Reliance", Plaintiffs insert in their response purported maps from the Texas Water Development Board. Those matters are not part of the summary judgment record and are not properly considered by the court. Similarly, Plaintiffs quote from what purports to be comparisons of Phase 2 and Phase 3 restrictions. These matters are not part of the summary judgment record and should not be considered by the court.

Defendants object to the alleged factual statements in Paragraphs 22 and 23 of Plaintiffs' Reply to Defendants' Response because those alleged factual statements are not within the summary judgment record and are not properly before the court for its consideration. Specifically in Paragraph 23, Plaintiffs recite hearsay conversations with the Property Owner's Association Management Company which is not in the summary judgment record. In Paragraph 24, Plaintiffs claim that they had already moved from Dallas while still in their option period, but Plaintiffs' summary judgment evidence contains no information about when Plaintiffs either made arrangements to move or actually moved from Dallas to the area. Plaintiffs' unsupported statement cannot be considered as summary judgment evidence.

## **Liable Defendant**

In Paragraph 25 of their Reply to Defendants' Response, Plaintiffs make the frivolous argument that Defendant Tiffin signed the Contract without disclosing his representative

capacity.  Although Defendant Tiffin's signature does not specifically identify his title with Liquid Property Group, LLC, the Contract itself is clear in Paragraph 1 as to who the parties to the Contract are: "The parties to this Contract are Liquid Property Group, LLC (Seller) and Aaron K. Mulvey and Carolyn S. Mulvey (Buyer)." (Contract, Paragraph 1).  At most, this would raise a fact question as to who the intended Seller was – Liquid Property Group, LLC or Michael Tiffin. Plaintiffs have not shown themselves to be entitled to a summary judgment on this issue and their Motion should be denied.

In *Kourosh Hemyari v. Stephens,* 355 S.W.3d 623, 628 (Tex. 2011), the court was faced with a similar situation, where a certain deed of trust showed the grantor as general partner of two different limited partnerships, but the signature line contained only the grantor's individual name. The courts said:

> "By contrast, in this case the mistake was so obvious from the face of the deed as to be harmless. Anyone looking at the deed of trust, and noting that the grantor was "Gary Ben Stephens, General Partner of Stephens Group, L.P., and Stephens Group II, L.P.," would readily assume that Stephens likewise signed that same document in that same capacity, and that the omission of the partnership designation from the signature line was a harmless mistake." *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 628 (Tex. 2011)

Here, the failure to designate the seller's representative capacity in the signature line is a similar "harmless mistake".  At most, it would create a fact question as to who the intended seller was.  Plaintiffs' Motion for Summary Judgment on this point should be denied.

WHEREFORE, Defendants pray that Plaintiffs' Motion for Partial Summary Judgment be in all things denied, that the court permit Defendants to correct the technical defects in Affidavits and exhibits of which Plaintiffs complain and for general relief.

Respectfully submitted,

Jones Property Law, PLLC
1910 Pacific Avenue, Suite 6030
Dallas, Texas   75201
Telephone: (214) 932-9106

By:   /s/ Dakota J. Wrinkle
      Dakota J. Wrinkle
      State Bar No. 24118592
      dakota@jonespropertylaw.com
Attorney for Defendants

Bayne, Snell & Krause
1250 N.E. Loop 410, Suite 725
San Antonio, Texas   78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By:   /s/ Barry Snell
      Barry Snell
      State Bar No. 1878900
      bsnell@bsklaw.com
Attorney for Defendants

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record on the 5th day of October, 2022:

Ryan C. Reed
Pulman, Cappuccio & Pullen, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas   78213

                                        ___/s/ Barry Snell_____
                                        Barry Snell

EXHIBIT I

| | |
|---|---|
| **From:** | Aaron Mulvey |
| **To:** | Jamie Jacks |
| **Cc:** | Team Allegiance |
| **Subject:** | Re: File 21126614-10GH 298 Champions Ridge, Spring Branch, TX 78070 |
| **Date:** | Monday, October 11, 2021 7:55:26 AM |

[CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Ok thanks.  Is Dawn Moore copied on this email?

> On Oct 11, 2021, at 7:52 AM, Jamie Jacks <JJacks@allegiancetitle.com> wrote:
>
> I have a call into them to see if they still do or will do on this case, will let you know as soon as I hear back.
>
>
> ATTENTION LENDERS:  DUE TO HIGH VOLUME WE REQUIRE CLOSING PACKAGES BY 4:30 PM THE DAY PRIOR TO CLOSING.  SEND ALL CD AND CLOSING PACKAGES TO FUNDITNOW@ALLEGIANCETITLE.COM.
>
> IMPORTANT: If you or your clients receive wire instructions from Allegiance Title Company, it is imperative that you call our office listed below to verify the instructions.
> Jamie Jacks
> Sr. Escrow Officer
> Title Services Manager
>
> Allegiance Title Company
> 2701 Sunset Ridge Dr., Suite 110, Rockwall, TX 75032
> o: 972-771-3337 | f: 469-402-0179
> c: 469-964-6496
>
> JJacks@allegiancetitle.com
>
> http://secure-
web.cisco.com/1wJI8nER3JObxpfNMNV6VcBESNxJEuWL2aixYY5upxey2hCUOKiO89PDpggyXBhlYa-
yFdde4JMKAwgSPAHxrjCqe0-XbCGpRkznbN-6VHYaWDODaG11ISGukg-
XoVjgIQMz7q91zIuAAGY_2f0idQF0GF-8HDsAc9iIFnCVzOens-
RxAF9amgEy8lj_8oqA8Ziavddtq7ToJB0Js0yMEWjbJ7-KG7145-ErT1gu-NILW4VPmSnHNcOeqR-
fiIq1SkSQjgpuZjUIWdRn9xp16Ofl-oS9BFKEtw8wwRB1qi9XD3KeSTIow30-
BzuNwDMSmS/http%3A%2F%2Fwww.allegiancetitle.com
>
>
>
> -----Original Message-----
> From: Aaron Mulvey <aaron@mulveylaw.com>
> Sent: Friday, October 8, 2021 7:35 PM
> To: Jamie Jacks <JJacks@allegiancetitle.com>
> Cc: Team Allegiance <TeamAllegiance@allegiancetitle.com>
> Subject: Re: File 21126614-10GH 298 Champions Ridge, Spring Branch, TX 78070
>
> [CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]
>
> I want to lodge objections over the water rights.  I spoke with an attorney from allegiance today.  She informed me that Allegiance did have someone who can write for the water rights.

EXHIBIT J

From:     Aaron Mulvey
To:       Jamie Jacks; Dawn Moore
Cc:       Team Allegiance
Subject:  RE: File 21126614•10GH 298 Champions Ridge, Spring Branch, TX 78070
Date:     Monday, October 11, 2021 8:14:10 AM
Attachments:  298 Champions Comal County, Texas.pdf
              Lease.pdf
              200206021873.pdf

---

[CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

I understand.  Based on the conversation Attorney Moore and I had on Friday.  She advised me that the attached contract only conveys what Liquid Property Group has and that the attached contract does NOT purport to convey water rights.

Based on my conversation with Attorney Moore, I could only presume that in addition to the conveyance from Dr. Villafana to Liquid Property Group that there is another unrecorded instrument in Allegiance's possession vesting title to the water rights.

I've dropped almost $40k since executing this contract in order to commence building and am ready to go (see attached lease).  I'm fine without a title policy as to the water rights, I just need to see how I'm vested in the water rights.

-----Original Message-----
From: Jamie Jacks <JJacks@allegiancetitle.com>
Sent: Monday, October 11, 2021 7:57 AM
To: Aaron Mulvey <aaron@mulveylaw.com>
Cc: Team Allegiance <TeamAllegiance@allegiancetitle.com>
Subject: RE: File 21126614•10GH 298 Champions Ridge, Spring Branch, TX 78070

No Sir.

It is the same party she was speaking about that I had already reached out to.

ATTENTION LENDERS:  DUE TO HIGH VOLUME WE REQUIRE CLOSING PACKAGES BY 4:30 PM THE DAY PRIOR TO CLOSING.  SEND ALL CD AND CLOSING PACKAGES TO FUNDITNOW@ALLEGIANCETITLE.COM.

IMPORTANT: If you or your clients receive wire instructions from Allegiance Title Company, it is imperative that you call our office listed below to verify the instructions.
Jamie Jacks
Sr. Escrow Officer
Title Services Manager

Allegiance Title Company
2701 Sunset Ridge Dr., Suite 110, Rockwall, TX 75032
o: 972-771-3337 | f: 469-402-0179
c: 469-964-6496

JJacks@allegiancetitle.com

http://secure-
web.cisco.com/1nYqLHQQskFdbrCDbiR2Gu8Vv38tQmsgsovXBrCuGRQbEjFH63vzIBzLUQ2cTRyGvFYOtvjpzIROc8eezgciqzLzMLh63HQN2NYTshPRhq6eFgbMHIEPD2TuasayUoyZmHeL_w7a6pxnFk-mPulcJJoy8IrndiECfM6BBRMurnoZfpZQC7ZjFCfh2AsPNhdWUTwrBmNS7Pzf6gE_yocK7jmqXHjs-AQnF10YuLuRXEBY4AWVPigsjK4HA-M9jCHJpke2EGZjs21RY8xaehPodIX2QCGntsw8goLQlPVTU_49ARTCvyv_hDrCqEUAWLR_CqBE/http%3A%2F%2Fwww.allegiancetitle.com

-----Original Message-----
From: Aaron Mulvey <aaron@mulveylaw.com>
Sent: Monday, October 11, 2021 7:55 AM
To: Jamie Jacks <JJacks@allegiancetitle.com>
Cc: Team Allegiance <TeamAllegiance@allegiancetitle.com>
Subject: Re: File 21126614•10GH 298 Champions Ridge, Spring Branch, TX 78070

[CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Ok thanks.  Is Dawn Moore copied on this email?

> On Oct 11, 2021, at 7:52 AM, Jamie Jacks <JJacks@allegiancetitle.com> wrote:
>
> I have a call into them to see if they still do or will do on this case, will let you know as soon as I hear back.
>
>
> ATTENTION LENDERS:  DUE TO HIGH VOLUME WE REQUIRE CLOSING PACKAGES BY 4:30 PM THE DAY PRIOR TO CLOSING.  SEND ALL CD AND CLOSING PACKAGES TO FUNDITNOW@ALLEGIANCETITLE.COM.
>
> IMPORTANT: If you or your clients receive wire instructions from Allegiance Title Company, it is imperative that you call our office listed below to verify the instructions.
> Jamie Jacks
> Sr. Escrow Officer
> Title Services Manager
>
> Allegiance Title Company
> 2701 Sunset Ridge Dr., Suite 110, Rockwall, TX 75032
> o: 972-771-3337 | f: 469-402-0179
> c: 469-964-6496
>
> JJacks@allegiancetitle.com
>
> http://secure-web.cisco.com/1swJI8nER3JObxpfNMNV6VcBESNxJEuWL2aixYY5upx
> ey2hCUOKiO89PDpggyXBhlYa=yFdde4JMKAwgSPAHxrjCqc0=XbCGpRkznbN=6VHYaWDOD
> aG1ISGukg=NoVjgIQMz7q91zfuAAGY_2f0idQF0GF=8HDsAc9ilFnCVzOens=RxAF9amgE
> y8lj_8oqA8Zuvddng7ToJB0Js9yMEWjhJ7-KG71145=ErT1gu=NILW4VPmSnIINcOcqR=fi
> lq1SkSQjgpuZjUIWdRn9xp16OfLoS9BFKEtw8wwRB1qi9XD3KeSTIow3G=BzuNwDMSmS/
> http%3A%2F%2Fwww.allegiancetitle.com
>
>
>
> -----Original Message-----
> From: Aaron Mulvey <aaron@mulveylaw.com>
> Sent: Friday, October 8, 2021 7:35 PM
> To: Jamie Jacks <JJacks@allegiancetitle.com>
> Cc: Team Allegiance <TeamAllegiance@allegiancetitle.com>
> Subject: Re: File 21126614•10GH 298 Champions Ridge, Spring Branch, TX

ALLEGIANCE - 01346

EXHIBIT L

STATE OF FLORIDA                                §
                                                §
HILLSBOROUGH COUNTY                             §

### AFFIDAVIT OF TINA ANDERSON

Before me, the undersigned notary, on this day personally appeared Tina Anderson, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Tina Anderson. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I did not tell Plaintiffs or their realtor that Liquid Property Group owned the water rights.

3. I did not tell Plaintiffs or their realtor they could dig a well on the property.

4. I did not tell Plaintiffs that the property had water rights prior to signing of the contract.

5. I did not know the property had a reservation as to water rights until Aaron Mulvey pointed it out.

6. I have personal knowledge of all the text messages sent between myself and Aaron Mulvey that are mentioned in this response and attached as exhibits.

7. I have personal knowledge of all the emails sent by or to Aaron Mulvey that are mentioned in this response and attached as exhibits.

8. I did speak with Ric Shanahan over the phone on September 15, 2021, and informed him that Liquid Property Group, LLC was not currently the owner of record, and that Liquid Property Group, LLC was in the process of completing the purchase from the owner. I also informed him this was not an assignment, but an option to purchase, and

that Liquid Property Group, LLC buys and sells the properties and pays closing costs twice. Because of this conversation, Ric Shanahan prepared the contract to state 'Liquid Property Group' as the 'Seller' on the contract. He sent the contract to me on September 20, 2021.

9.  I never presented Aaron and Carolyn Mulvey with a proposed draft of the deed and I never 'attempted to force' Aaron and Carolyn Mulvey to close on the property as Aaron and Carolyn Mulvey allege.

10. I was working for Liquid Property Group, LLC and was acting within my scope of employment when Aaron Mulvey began communicating with me and Liquid Property Group, LLC.

11. I have personal knowledge of the facts stated in this affidavit and in the Response to Plaintiff's Partial Motion for Summary Judgment, including all exhibits attached thereto.

12. I verify under penalty of perjury that the foregoing is true and correct."


*Christina Anderson*
Tina Anderson

**SUBSCRIBED AND SWORN TO** before me this __3__ day of October 2022.

SHANNON J DAVIS
Notary Public-State of Florida
Commission # HH 302725
My Commission Expires
August 21, 2026

*Shannon J. Davis*
Notary Public, State of Florida
My commission expires __8/21/26__

EXHIBIT O

STATE OF FLORIDA §
§
HILLSBOROUGH COUNTY §

### AFFIDAVIT OF JOHN MICHAEL TIFFIN

Before me, the undersigned notary, on this day personally appeared John Michael Tiffin, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is John Michael Tiffin. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I did not inform Plaintiffs or their realtor that Liquid Property Group, LLC owned water rights.

3. I did not inform Plaintiffs or their realtor they could dig a well on the property.

4. I did not tell Plaintiffs that the property had water rights prior to signing of the contract.

5. I did not know the property had a reservation as to water rights until Aaron Mulvey pointed it out.

6. I am not a party to the contract. I do have authority to sign contracts on behalf of Liquid Property Group, LLC as the managing member of Liquid Property Group, LLC.

7. I never presented Aaron and Carolyn Mulvey with a proposed draft of the deed and I never 'attempted to force' Aaron and Carolyn Mulvey to close on the property as Aaron and Carolyn Mulvey allege.

8. Aaron Mulvey never attempted to pay Liquid Property Group, LLC 'a fair market value for the property without water rights' as he alleges. Aaron Mulvey did threaten

to file a lawsuit against Liquid Property Group, LLC, Tina and myself, individually, and several other parties if Liquid Property Group, LLC refused to sell the property to him for the price we purchased it for from Richard Villafana. Aaron did not know how much we purchased it for from Richard Villafana at the time of his threats. When Liquid Property Group, LLC offered to let Aaron Mulvey out of the contract, he refused and filed a lawsuit.

9.  I was acting as the managing member of Liquid Property Group, LLC at all relevant times in this case.

10. I have personal knowledge of the facts stated in this affidavit and in the Response to Plaintiff's Partial Motion for Summary Judgment, including all exhibits attached thereto.

11. I verify under penalty of perjury that the foregoing is true and correct."

_____

John Michael Tiffin

**SUBSCRIBED AND SWORN TO** before me this _____ day of October 2022.

> SHANNON J DAVIS
> Notary Public-State of Florida
> Commission # HH 302725
> My Commission Expires
> August 21, 2026

_____

Notary Public, State of Florida

My commission expires _8/21/26_

EXHIBIT P

**STATE OF FLORIDA** §
§
§
**HILLSBOROUGH COUNTY** §

## AFFIDAVIT OF LIQUID PROPERTY GROUP, LLC

Before me, the undersigned notary, on this day personally appeared Liquid Property Group, LLC, by and through its managing member, John Michael Tiffin, the affiant, a person whose identity is known to me. After I administered an oath, affiants testified as follows:

1. "I, John Michael Tiffin, as managing member of Liquid Property Group, LLC and on behalf of Liquid Property Group, LLC am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. Liquid Property Group, LLC did not inform Aaron and Carolyn Mulvey that it owned the water rights to the property.

3. Liquid Property Group, LLC did not inform Aaron and Carolyn Mulvey that they could dig a well on the property.

4. Liquid Property Group, LLC did not draft or deliver the warranty deed to Aaron and Carolyn Mulvey. Liquid Property Group, LLC did not attempt to force Aaron and Carolyn Mulvey to close on the property as Aaron and Carolyn Mulvey allege.

5. Liquid Property Group, LLC offered Aaron and Carolyn Mulvey the opportunity to get out of the contract and get their earnest money back. Aaron and Carolyn Mulvey refused and filed suit.

6. Liquid Property Group, LLC was not aware of a groundwater reservation before entering into the contract.

7. Richard Villafana delivered a "Seller's Property Disclosure" to Liquid Property Group, LLC. Mr. Villafana answered 'unk' to the question concerning water utilities on the property in the Seller's Disclosure.

8. Liquid Property Group, LLC had the property listed on Zillow. The Zillow listing states in pertinent parts: (1) 'public water [ ] needed'; (2) '[o]ut of state investor'; (3) '[b]uyer will be responsible to confirm utilities and any restrictions'; (4) 'I DO NOT GUARANTEE THE ACCURACY OF THE INFORMATION'; (5) 'EACH BUYER IS RESPONSIBLE FOR DOING YOUR OWN HOMEWORK ON ALL THE FACTS AND FIGURES ON VACANT LAND AND THE LISTING AGENT IS TO BE HELD HARMLESS OF ANY DEFICIENCIES OR MISREPRESENTATIONS'; (6) 'PLEASE BE SURE TO DO YOUR OWN HOMEWORK ON EACH LISTING AND MAKE SURE THE LAND SUITS YOUR NEEDS'; (7) 'I MAKE IT MY POLICY TO PUT ALL KNOWN FACTS AND INFORMATION IN THE WRITE UP AS PROVIDED BY THE SELLERS AND THE COUNTY DATA'.

9. I have personal knowledge of the facts stated in this affidavit and in the Response to Plaintiff's Partial Motion for Summary Judgment, including all exhibits attached thereto.

10. I verify under penalty of perjury that the foregoing is true and correct."

_____
John Michael Tiffin
Managing Member of LPG

**SUBSCRIBED AND SWORN TO** before me this __3rd__ day of October 2022.

SHANNON J DAVIS
Notary Public-State of Florida
Commission # HH 302725
My Commission Expires
August 21, 2026

_____
Notary Public, State of Florida
My commission expires __8/21/26__