# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Aaron Mulvey, Carolyn Mulvey | § § | |
| vs. | § § § | CAUSE NO. SA:21-CV-01210-HJB |
| Liquid Property Group, LLC, John Michael Tiffin, Tina Anderson, Liquid Property Group, LLC, Aaron Mulvey, Carolyn Mulvey | § | |

# VERDICT

**QUESTION NO. 1**:

Did any Defendant engage in any false, misleading, or deceptive act or practice that Aaron Mulvey and Carolyn Mulvey relied on to their detriment and that was a producing cause of damages to them?

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

"False, misleading, or deceptive act or practice" means any of the following:
    a.   Representing that goods or services had or would have sponsorship, approval, characteristics, uses or benefits that they did not have; or
    b.   Passing off goods or services as those of another; or
    c.   Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; or
    d.   Failing to disclose information concerning goods or services which was known at the time of the transaction only if such failure to disclose such information was intended to induce the Plaintiffs into a transaction they would not have entered into if the information had been disclosed; or
    e.   Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

You are instructed that "goods" includes real property purchased for use.

Answer "Yes" or "No" for each of the following:

    Liquid Property Group:   YES

    Mike Tiffin:   YES

    Tina Anderson:   YES

**If you answered "Yes" to Question 1 for any Defendant, then answer Question 2 only for the same Defendant. Otherwise, do not answer Question 2.**

**QUESTION NO. 2:**

Did any Defendant engage in any conduct described in Question 1 knowingly or intentionally?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or detrimental ignorance of the unfairness. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally or may be inferred from facts showing that the person acted with such flagrant disregard of prudent and fair business practices that the person should be treated as having acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to any Plaintiff.

Answer "Yes" or "No" for each of the following:

    Liquid Property Group:    YES

    Mike Tiffin:    YES

    Tina Anderson:    YES

**If you answered "Yes" to Question 1 for any Defendant, then answer Question 3. Otherwise, do not answer Question 3.**

**QUESTION NO. 3**:

What sum of money, if any, if paid now in cash, would fairly compensate Aaron Mulvey and Carolyn Mulvey for their damages, if any, that were necessitated by the conduct described in Question 1?

Consider the following elements of damages, if any, and none other.

    The reasonable cost of home rental:

    The reasonable additional storage costs:

Do not include in your answer any amount that you find Aaron and Carolyn Mulvey could have avoided by the exercise of reasonable care.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately in dollars and cents, if any. Do not add any amount for interest on damages, if any.

    Answer:    $ _____0 ($400.00)_____

**If you answered "Yes" to Question 2 for any Defendant, then answer Question 4. Otherwise, do not answer Question 4.**

**QUESTION NO. 4**:

What sum of money, if any, in addition to actual damages, should be awarded to Aaron and Carolyn Mulvey against any Defendant because the Defendant's conduct was committed knowingly or intentionally?

Factors to consider in awarding additional damages, if any, are—

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the Defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.

The amount of any additional damages awarded in response to this Question 4 may not exceed three times the amount of any damages awarded in response to Question 3.

Answer separately in dollars and cents, if any. Do not add any amount for interest on damages, if any.

Answer:   $ ∅ ($00.00)

**QUESTION NO. 5**:

Did any Defendant make a negligent misrepresentation on which Aaron Mulvey and Carolyn Mulvey justifiably relied?

Negligent misrepresentation occurs when –
1. a party makes a misrepresentation in the course of his business or in a transaction in which he has a pecuniary interest, and
2. the representation supplies false information for the guidance of others in their business, and
3. the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

In determining whether alleged reliance was justifiable, you should consider the nature of the parties' relationship and the contract. A party cannot blindly rely on a representation by a defendant where the parties' knowledge, experience and background warrant investigation into any representations before the party acts in reliance on those representations. A party may not justifiably rely on representations if there are red flags indicating such reliance is unwarranted.

Answer "Yes" or "No" for each of the following:

Liquid Property Group:   NO

Mike Tiffin:   NO

Tina Anderson:   NO

**If you answered "Yes" to Question 5 for any Defendant, then answer Question 6. Otherwise, do not answer Question 6.**

## QUESTION NO. 6:

What sum of money, if any, if paid now in cash, would fairly compensate the Aaron Mulvey and Carolyn Mulvey for their damages, if any, that were necessitated by negligent misrepresentation by a Defendant, if any?   HM

Do not include in your answer any amount that you find Aaron and Carolyn Mulvey could have avoided by the exercise of reasonable care.

Consider the following elements of damages, if any, and none other.

    The reasonable cost of home rental:

    the reasonable additional storage costs:

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

    Answer: $ __0__ ($00.00)

**QUESTION NO. 7**:

Did any Defendant commit statutory fraud against Aaron Mulvey and Carolyn Mulvey in connection with the Unimproved Property Contract?

Statutory fraud occurs when—
1. A party makes a false promise to do an act, and
2. The promise is material, and
3. The promise is made with the intention of not fulfilling it, and
4. The promise is made to a person for the purpose of inducing him to enter into a transaction involving real estate, and
5. That person justifiably relies on the promise in entering into the contract.

Or when—
1. There is a false representation of a past or existing material fact, and
2. The representation is made to a person for the purpose of inducing that person to enter into a transaction involving real estate, and
3. The representation is justifiably relied on by that person in entering into the contract.

In determining whether alleged reliance was justifiable, you should consider the nature of the parties' relationship and the contract. A party cannot blindly rely on a representation by a defendant where the parties' knowledge, experience and background warrant investigation into any representations before the party acts in reliance on those representations. A party may not justifiably rely on representations if there are red flags indicating such reliance is unwarranted.

Answer "Yes" or "No" for each of the following:

Liquid Property Group:   NO

Mike Tiffin:   NO

Tina Anderson:   NO

**If you answered "Yes" to Question 7, then answer Question 8. Otherwise, do not answer Question 8.**

**QUESTION NO. 8**:

What sum of money, if any, if paid now in cash, would fairly compensate Aaron Mulvey and Carolyn Mulvey for their damages, if any, that were necessitated by such statutory fraud?

Consider the following elements of damages, if any, and none other.

 The reasonable cost of home rental:
 The reasonable cost of additional storage:

Do not include in your answer any amount that you find Aaron and Carolyn Mulvey could have avoided by the exercise of reasonable care.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately in dollars and cents for damages, if any. Do not add any amount for interest on damages, if any.

 Answer:   $ __∅__ (400.00 )

**QUESTION NO. 9**:

Did any Defendant commit fraud against Aaron Mulvey and Carolyn Mulvey?

Fraud occurs when—
1. A party makes a material misrepresentation, and
2. The misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
3. The misrepresentation is made with the intention that it should be acted on by the other party, and
4. The other party justifiably relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means a false statement of fact.

Fraud also occurs when—
1. A party fails to disclose a material fact within the knowledge of that party, and
2. The party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and
3. The party intends to induce the other party to take some action by failing to disclose the fact, and
4. The other party suffers injury as a result of acting without knowledge of the undisclosed fact.

In determining whether alleged reliance was justifiable, you should consider the nature of the parties' relationship and the contract. A party cannot blindly rely on a representation by a defendant where the parties' knowledge, experience and background warrant investigation into any representations before the party acts in reliance on those representations. A party may not justifiably rely on representations if there are red flags indicating such reliance is unwarranted.

Answer "Yes" or "No" for each of the following:

Liquid Property Group:   No

Mike Tiffin:   NO

Tina Anderson:   NO

**If you answered "Yes" to Question 9 for any Defendant, then answer Question 10. Otherwise, do not answer Question 10.**

### QUESTION NO. 10:

What sum of money, if any, if paid now in cash, would fairly compensate Aaron Mulvey and Carolyn Mulvey for their damages, if any, that were necessitated by such fraud?

Consider the following elements of damages, if any, and none other.

> The reasonable cost of home rental:
>
> The reasonable cost of additional storage:

Do not include in your answer any amount that you find Aaron and Carolyn Mulvey could have avoided by the exercise of reasonable care.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately in dollars and cents, if any. Do not add any amount for interest on damages, if any.

Answer:   $ 0̸ ($00.00)

**If you answered "Yes" to Question 9 as to any Defendant, then answer Question 11 only for any Defendant for which you answered "Yes" to Question 9. Otherwise, do not answer Question 11.**

**QUESTION NO. 11**:

Is your answer to Question 9 supported by clear and convincing evidence?

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.

Answer "Yes" or "No" for each of the following:

    Liquid Property Group: _____

    Mike Tiffin: _____

    Tina Anderson: _____

**If you answered "Yes" to Question 11 for any Defendant, then answer Question 12. Otherwise, do not answer Question 12.**

**QUESTION NO. 12:**

What sum of money, if any, if paid now in cash, should be assessed against any Defendant and awarded to Aaron Mulvey and Carolyn Mulvey as exemplary damages, if any, for the conduct found in response to Question 9?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—
1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the Defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.

Answer separately in dollars and cents, if any. Do not add any amount for interest on damages, if any.

    Answer:    $ _____

**QUESTION NO. 13**:

What is a reasonable fee for the necessary legal services of Aaron Mulvey and Carolyn Mulvey's attorneys, stated in dollars and cents?

A reasonable fee is the number of hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

You may consider the following factors in determining the reasonableness of the attorneys' fee award:
1. The time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
2. The likelihood that the acceptance of the particular employment will preclude other employment by the lawyers;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;
7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer separately in dollars and cents, if any. Do not add any amount for interest on damages, if any.

For representation in the trial court: $ 43,385.03

For representation through the court of appeals
without oral argument: $ 14,000.00

For representation in the court of appeals
if oral argument is provided: $ 10,500.00

**QUESTION NO. 14**:

What is a reasonable fee for the necessary legal services of Defendant Liquid Property Group, LLC's, Defendant Michael Tiffin's, and Defendant Tina Anderson's attorneys, stated in dollars and cents?

A reasonable fee is the number of hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

You may consider the following factors in determining the reasonableness of the attorneys' fee award:
1. The time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
2. The likelihood that the acceptance of the particular employment will preclude other employment by the lawyers;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;
7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer separately in dollars and cents, if any. Do not add any amount for interest on damages, if any.

For representation in the trial court:   $ 88,359.31

For representation through the court of appeals
without oral argument:   $ 25,000.00

For representation in the court of appeals
if oral argument is provided:   $ 18,750.03

SIGNED: ███████████

FOREPERSON: ███████████

1/25/2023
DATE