UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MULVEY and<br>CAROLYN MULVEY,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID PROPERTY GROUP, LLC,<br>JOHN MICHAEL TIFFIN, and<br>TINA ANDERSON,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-1210-HJB |

**ORDER**

Before the Court is Defendants' Motion to Enter Judgment. (Docket Entry 110.) The Court exercises jurisdiction in this case by consent of the parties pursuant to 28 U.S.C. § 636(c). (*See* Docket Entry 27.) For the reasons set out below, the motion is **GRANTED**.

This case arises from a real estate transaction dispute between the parties. Plaintiffs sued for breach of contract, fraud, negligent misrepresentation, and violations of the Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.46(b) (Docket Entry 33); Defendants brought a counterclaim for breach of contract (Docket Entry 40).

The case was tried before a jury beginning on January 23, 2023. At the trial, the Court granted the parties' cross-motions for judgment as a matter of law on the contract claims pursuant to Federal Rule of Civil Procedure 50(a), but allowed the DTPA, fraud, and negligent misrepresentation claims to go forward to the jury. The jury returned a verdict against Plaintiffs, finding no fraud or negligent misrepresentation, and finding no damages from the DTPA violations. (Docket Entry 95.) The jury also determined an amount of attorney's fees to be awarded to each party if appropriate. (*Id.* at 14–15.)

The Court held a status conference in this case on February 24, 2023, addressing the parties' post-trial motions. (*See* Docket Entries 97, 98, 101.) It found that Plaintiffs and Defendant Liquid Property Group, LLC, each qualified as a "prevailing party" under the applicable provision of the real estate contract, because each had successfully defended claims of breach of contract. (*See* Docket Entry 106, at 1–2.) The Court ordered the parties to submit a Proposed Judgment, agreed as to form, reflecting the jury's verdicts and the Court's rulings. (*Id.* at 2.)

Instead of a joint Proposed Judgment, the parties have filed competing versions of the judgment in the pending motion, response, and reply. (*See* Docket Entries 110, 111, 114.) The parties' competing versions appear to concern the $5,000 earnest money and $100 option fee deposited by Plaintiffs with Allegiance Title Company at the time the contract was being negotiated. (*Compare* Docket Entry 110-1, at 5, *with* Docket Entry 111-1, at 4.) Plaintiffs argue that, while the Court may have implicitly ruled on claims to the earnest money, it did not do so with regard to the option fee, and that the option fee "forms the very basis of damages under Plaintiff's [sic] soon to be filed motion for reconsideration and appeal." (Docket Entry 111, at 2.) Defendants respond that any claim regarding the option fee has been waived, since Plaintiffs made no request that the fee be submitted to the jury as an element of damages and did not object to the Court's jury charge on that basis. (Docket Entry 114, at 2.)

The Court finds no grounds for reconsidering any prior ruling on the basis of the option fee, and no reason not to enter the judgment as requested by Defendants. As the Court previously ruled, Plaintiffs failed to prevail as a matter of law on the contract claims they presented at trial; accordingly, such claims cannot be the basis for any consideration of the option fee issue. To the extent that the option fee might have been considered an element of damages on another claim,

Plaintiffs failed to preserve the issue by way of proposed jury instruction or objection (*See* Docket Entry 113), and the Court finds no plain error in the instructions given. *See* FED. R. CIV. P. 51(d).

For the above reasons, Defendant's Motion to Enter Judgment (Docket Entry 110) is **GRANTED**. Judgment will be entered accordingly.[1]

**SIGNED** on April 25, 2023.

Henry J. Bemporad
United States Magistrate Judge

---

[1] The parties' proposed judgments both include an award of attorney's fees for Plaintiffs that differs by $10 from the amount awarded by the jury. (*See* Docket Entry 110-1, at 4; Docket Entry 111-1, at 3; *cf.* Docket Entry 95, at 14.) The Court will correct the proposed judgment to reflect the jury's award.